QUESTION: Shall omitted taxes for the current year be allowed the same discounts as are allowed for them in the redemption of a county tax certificate when a county-held tax certificate is purchased and the current year's omitted taxes thereon are paid during the discount period allowed by s. 13 [s. 197.012, F.S. (1974 Supp.)], Ch. 74-234, Laws of Florida?
SUMMARY: When a county-held certificate is purchased or redeemed during the discount period permitted by s. 197.012, F.S. (1974 Supp.), as amended by s. 13, Ch. 74-234, Laws of Florida, discounts permitted by law should be applied to current year's omitted taxes on such certificates. Your question is answered in the affirmative. Section 197.012, F.S. (1974 Supp.), provides for discounts on all current taxes paid during specified periods between November 1 and March 1 of each year. There is no requirement within this statute that the person paying the tax be the owner of the property on which the tax is paid. Section 197.191, F.S., provides in part: . . . In the event the party redeeming pays the current year's taxes for the year of redemption during the time when discounts are allowed for payment of taxes, then the same discounts shall be allowed the party as are allowed in other cases of the payment of taxes. While the language of s. 197.191, F.S., speaks to "redeeming" as opposed to "purchasing," there does not appear to be any reason to impose an intent on the Legislature of limiting this discount solely to the property owner. Such an interpretation would, in effect, penalize the purchaser to no apparent advantage of the county. Tax statutes should be construed so that the burden of taxation falls equally and uniformly and with a view to avoiding, as far as possible, unjust and oppressive consequences, or absurd or unreasonable results. [(See) 82 C.J.S. Statutes s. 396.] In reading s. 197.191, F.S., with s. 197.012, F.S. (1974 Supp.), it appears clear that the Legislature intends the discount to apply to the time of paying the taxes, not the relationship of the party paying to the property. To avoid this conclusion would require an affirmative statement by the Legislature in s. 197.191, not just what appears to be an oversight. "A statute which confers a new right or power cannot be construed to limit other rights or powers by implication unless such implication is clear or if the purpose of the grant would be otherwise defeated." [See] 30 Fla. Jur. Statutes s. 129 (referring to statutes on taxation).